IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRY BRADLEY, <br> AIS # 157631, <br><br> Petitioner, <br><br> v. <br><br> TERRY TUCKER, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:24-CV-840-WKW <br> ) [WO] <br> ) <br> ) <br> ) |

## **ORDER**

Petitioner Harry Bradley, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was docketed on December 27, 2024. (Doc. # 1.) On January 27, 2025, the Clerk of Court was directed to mail a copy of the petition to Respondent. (Doc. # 7.) On February 18, 2025, Respondent filed an Answer. (Doc. # 12.) By Order dated December 3, 2025 ("December 3 Order"), Petitioner was directed to file a reply to Respondent's Answer no later than January 6, 2026. (Doc. # 13.) The December 3 Order expressly cautioned Petitioner that his failure to comply with the Order would result in dismissal of this action for failure to prosecute and comply with an order of the court. (Doc. # 13 at 2.) The deadline for Petitioner to file a reply has passed, and to date, Petitioner has not filed a reply. Accordingly, the petition will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Petitioner has failed to prosecute this action and has not complied with the December 3 Order, despite its express directives and warnings. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 21st day of January, 2026.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE